IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| K2 SPORTS, LLC (f/k/a K-2 CORPORATION), ) ) ) Plaintiff, ) ) v. ) ) VERTICAL BRANDS, LLC, and ) VERTICAL SOURCE, INC. ) ) Defendant. ) | C.A. No. 1:18-cv-00638-MAK |

**REPORT OF RULE 26(f) MEETING**

Plaintiff/Counterclaim Defendant K2 Sports, LLC ("K2"), in conjunction with Defendants/Counterclaim Plaintiffs Vertical Brands, LLC ("Brands") and Vertical Source, Inc. ("Source" and, together with Brands, the "Defendants"), by and through their attorneys, hereby submit the following Report of Rule 26(f) Meeting.

**1.   Discussion of Specific Claims, Defenses and Relevant Issues**

The parties, through their attorneys, held a telephonic meeting to discuss Rule 26(f) issues on May 31. The date and time of the teleconference were chosen as providing the only time when counsel were mutually available. As of the date of the teleconference, K2 had not yet filed its Answer to Brands and Source's Counterclaim [D.I. #4].[1] Also, Brands and Source had not filed an answer or motion to dismiss in response to K2's Amended Complaint [D.I. #11]. Based on the nascent status of the case, the discussion of claims, defenses and relevant issues was limited.

The issues in this case revolve around a License Agreement as amended by the First Amendment to License Agreement. K2 has brought a breach of contract claim against

---

[1] K2's Answer has since been filed [D.I. #15].

1

Defendants and also seeks a declaratory judgment that the License Agreement has been terminated. As part of its claims, K2 has asserted that Source is the alter ego of Brands and is jointly and severally liable for the breach of contract claim. Brands and Source, in their Answer and Counterclaim, assert a breach of contract claim against K2. The contract at issue in the parties' breach of contract claims is the License Agreement. Source file a Motion to Dismiss the original Complaint filed by K2, disputing the alter ego claim made by K2 and asserting that the case against Source should be dismissed for failure to state a claim for which relief could be granted and for lack of personal jurisdiction over Source [D.I. #4]. K2 filed an Amended Complaint and the Court has denied as moot the Motion to Dismiss without prejudice to being filed in response to that Amended Complaint [D.I. #14].

Defendants have not responded to the Amended Complaint as of the time and date that this Report was submitted.

Currently, the main issue being addressed by the parties is the alter ego theory presented by K2. K2 has issued discovery that focuses on this subject, but discovery responses and responsive documents are not due prior to this report being filed. The parties will also need to conduct discovery on the License Agreement and their respective obligations and actions under that agreement. At this stage, the case centers mainly on the interpretation of the License Agreement and the parties actions in connection with the License Agreement.

2. **Stipulated Facts**

The following are the stipulated facts in this case:

- On June 11, 2015, K2 and Brands executed a License Agreement (attached as **Exhibit B** to the Amended Complaint);

- The License Agreement was amended on May 29, 2016, by the First Amendment to License Agreement (attached as **Exhibit C** to the Amended Complaint);

- K2 sent a letter titled "Termination Notice", dated October 15, 2017, to Christopher Neary of Brands purporting to terminate the License Agreement (attached as **Exhibit D** to the Amended Complaint; and

- Brands rejected K2's assertion that the License Agreement was terminated with the October 15, 2017 letter.

**3.    Informal Disclosures**

The parties have agreed to exchange Rule 26 (a) Initial Disclosures by June 22, 2018.

**4.    Formal Discovery**

On May 25, 2018, K2 issued a first round of discovery requests on Brands. That discovery is focused on K2's alter ego theory of liability for Source. Given the fact that a Motion to Dismiss and the Amended Complaint have already been filed in this case, the parties believe that a discovery period of 120 days is appropriate. This period, which is longer than the 90 days suggested by the Court in its Form Report, will also reflect the fact that bulk of the discovery period occurs in the summer, when counsel and the parties likely have scheduled vacations.  The Parties further request that the 120 day period be timed beginning from June 15, 2018.

Another potential complication for discovery which is related to the suggested discovery period is that none of the likely witnesses who will be deposed reside in Delaware, and several reside in Washington and/or Colorado, which may present logistical challenges in promptly scheduling depositions following completion of written discovery.

### 5. Electronic Discovery

The parties do not expect there to be voluminous documentation related to this dispute. They have agreed that each party will, within reason, pay their own costs associated with producing documents. It is expected that the parties will produce documents in pdf format, unless the documents are better accessed by the recipient in native format (e.g., excel spreadsheets, etc.).

### 6. Expert Witness Disclosures

Currently the parties have not retained any experts nor are they presently seeking experts to be retained. The parties do not currently anticipate the need for expert witnesses but reserve all rights with regard to deciding during the discovery period that an expert witness may be necessary.

### 7. Settlement or Resolution

The parties have discussed settling this dispute both before the case was filed and afterwards. The parties are amenable to mediation but do not agree on whether mediation would have a better chance of success before discovery begins in earnest or after some fact discovery has taken place.

### 8. Trial

As of the date of this Report, Plaintiff's counsel is unavailable the week of July 15, 2018. As of the date of this Report, Defendants' counsel is attached for trial from September 12-21 and on December 3, and has pre-planned vacations on August 3 and from August 24 to September 3. Defendants' counsel also anticipates scheduling a vacation in late December/early January in the near future, and is involved in several matters that will be scheduled for trial shortly, and thus will supplement this memorandum as this information becomes available.

Dated: June 8, 2018　　　　　　　　**CROSS & SIMON, LLC**

　　　　　　　　　　　　　　　　　*/s/ David G. Holmes*
　　　　　　　　　　　　　　　　　Christopher P. Simon (No. 3697)
　　　　　　　　　　　　　　　　　David G. Holmes (No. 4718)
　　　　　　　　　　　　　　　　　1105 North Market Street, Suite 901
　　　　　　　　　　　　　　　　　Wilmington, Delaware 19899-1380
　　　　　　　　　　　　　　　　　302-777-4200
　　　　　　　　　　　　　　　　　302-777-4224 (fax)
　　　　　　　　　　　　　　　　　csimon@crosslaw.com
　　　　　　　　　　　　　　　　　dholmes@crosslaw.com

　　　　　　　　　　　　　　　　　*Attorneys for K-2 Sports, LLC*